IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09CV463-3-W
3:06CR431

THOMAS MELCHOR GOMEZ, )
)
Petitioner, )
Vs. ) **ORDER**
)
UNITED STATED OF AMERICA, )
)
Respondent. )

**THIS MATTER** comes before the Court on initial review of the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed October 28, 2009 (Doc. No. 1.) For the reasons stated herein, Petitioner's motion will be denied and dismissed.

I. PROCEDURAL HISTORY

On November 15, 2006, the Petitioner was charged, along with his co-defendant, in a five-count[1] Bill of Indictment with conspiracy to commit kidnapping in violation of 18 U.S.C. § 1201; attempted kidnapping in violation of 18 U.S.C. § 1201(d) and 2; solicitation to commit a crime of violence in violation of 18 U.S.C. § 372 and 2; and possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) and 924(a)(2). (Case No. 3:06cr431, Doc. No. 7: Indictment.) On June 28, 2007, Petitioner pled, pursuant to a plea agreement, to Count One of the Bill of Indictment.

On April 14, 2008, Petitioner was sentenced to 102 months imprisonment followed by three

---

[1] Petitioner was named in counts one through four.

1

years of supervised release.  Judgment was entered on April 21, 2008.  (Id., Doc. No. 53: Judgment.)
On April 29, 2008 Petitioner filed a Notice of Appeal in the Fourth Circuit Court of Appeals.  (Id., Doc. No. 55: Notice of Appeal.)  Petitioner's counsel filed an Anders[2] brief on Petitioner's behalf.  On September 16, 2009, Petitioner filed a motion to dismiss his appeal.  On the same day, the Fourth Circuit issued an Order granting Petitioner's Motion to dismiss.

On October 28, 2009, Petitioner filed the instant pursuant to 18 U.S.C. § 2255 arguing that his Sixth Amendment confrontation clause rights were violated when he was denied the right to confront his accusers at sentencing.

## II. LEGAL DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . . " in order to determine whether a petitioner is entitled to any relief.  If the petitioner is not entitled to relief, the motion must be dismissed.  Following such review, it plainly appears to the Court that Petitioner is not entitled to any relief on his claims.

Petitioner's sole claim on habeas review is that he was denied the right to confront his accusers at sentencing.  Generally, claims that could have been, but were not raised on direct review are procedurally barred.  "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal."  Bousley v. United States, 523 U.S. 614, 621 (1998).  It is well settled that collateral attacks under 28 U.S.C. § 2255 are limited to claims of constitutional magnitude or to errors which inherently result in a complete miscarriage of justice.  See United States v. Addonizio, 442 U.S. 178, 184-86 (1979).  In  order to collaterally attack a conviction or sentence based upon

---

[2] Anders v. California, 386 U.S. 738 (1967).

2

errors that could have been but were not pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of or that he is actually innocent.[3] See United States v. Mikalajunas, 186 F.3d 490, 492, 93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).

Cause means some impediment. United States v. Smith, 241 F.3d 546, 548 (7th Cir. 2001). The existence of cause for procedural default must turn on something external to the defense. Murray v. Carrier, 477 U.S. 478, 488 (1986). As set forth below, Petitioner has failed to carry his burden of establishing cause. In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial create[d] a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. 167-68 (1982). In this case, Petitioner has not met his burden in establishing cause for failing to raise this claim on direct appeal. Therefore, Petitioner's claim that he was denied the right to confront his accusers at sentencing is procedurally barred.[4]

### III. CONCLUSION

---

[3] Petitioner makes no claim of actual innocence.

[4] Furthermore, this Court notes that such claim is without merit. Petitioner entered a valid guilty plea to Count One, conspiracy to commit kidnapping. Petitioner contends that he was denied the right to cross examine his sister-in-law, Mrs. Cruz, at his sentencing hearing. However, Mrs. Cruz, the intended victim of the kidnapping conspiracy, was not required to be present at Petitioner's sentencing hearing. Indeed, Petitioner admitted his guilt to conspiracy to commit kidnapping when he entered his guilty plea. Petitioner choose to plead guilty and as such his guilty plea constituted an admission of all material elements of the crime. McCarthy v. United States, 394 U.S. 459, 466 (1969); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). If Petitioner wished to preserve his rights, including the right to confront witness against him, he had the right to go to trial. By pleading guilty, Petitioner waived his right to a jury trial and all the rights that accompany a jury trial. Furthermore, Melendez-Diaz v. Mass., 129 S. Ct. 2527 (2009), cited by Petitioner in support of his claim, has no application to Petitioner's specific claim.

The Court has considered the pleadings and documents submitted by the Petitioner and the entire record of this matter and finds that it is clear that Petitioner is not entitled to relief on his claim.

IV. ORDER

**IT IS, THEREFORE ORDERED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence(Doc. No. 1) is **DENIED and DISMISSED**.

**SO ORDERED**.

Signed: November 3, 2009

Frank D. Whitney
United States District Judge